*Law Offices*
**Matthew T. Priore**
1000 Clifton Avenue
Clifton, New Jersey 07013
(973) 470-0700
Attorney ID #: 055181994
Attorneys for Plaintiffs Lori Fernandez, as Administrator of the Estate
of Steven Fernadez, and Danielle Carballeira

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LORI FERNANDEZ** as Administrator of the Estate of Steven Fernandez and **DANIELLE CARBALLEIRA,**<br><br>Plaintiffs,<br>vs.<br><br>**MILTON FRANK, UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA) JOHN DOE 1-10**(Fictitiously named) and **ABC CORP. 1-10**(Fictitiously named).<br><br>Defendants. | DOCKET NO.:<br><br><u>CIVIL ACTION</u> |

Plaintiffs, Lori Fernandez, Administrator of the Estate of Steven Fernandez and mother of Decedent Steven Fernandez, and Danielle Carballeira (collectively "Plaintiffs"), by and through their attorneys, The Law Offices of Matthew T. Priore, Esq., by way of complaint against the Defendants Milton Frank, United Services Automobile Association, John Does 1-10 (fictitiously named) and ABC Corps. 1-10 (fictitiously named) (collectively, "Defendants"), say:

## NATURE OF THE CASE

1. This is a civil action by Plaintiff, Lori Fernandez, Administrator of the Estate of Steven Fernandez and mother of the decedent Steven Fernandez, for personal injuries and the wrongful death of the Decedent, Steven Fernandez, and for personal injuries suffered by Plaintiff Danielle Carballeira against Defendant Milton Frank and United Services Automobile Association (USAA). This action arises out of a motor vehicle accident that occurred on or about September 5, 2016 wherein Steven Fernandez was operating a motor vehicle on I-10 West in the State of Louisiana when he was struck and killed by an SUV operated by Defendant Milton Frank that crossed the median from I-10 East and struck his vehicle head-on. Danielle Carballeira was a passenger in the motor vehicle being operated by Steven Fernandez and sustained serious personal injuries as a result of the head-on collision. Defendant Milton Frank's negligence was the proximate cause of the death of Steven Fernandez and the injuries to Danielle Carballeira.

## THE PARTIES

2. Decedent, Steven Fernandez, was an individual and resident of the State of New Jersey, having a principal residence at 138 Elder Avenue, Bergenfield, New Jersey 07621. He was never married, had no children and was an only child.

3. Plaintiff Lori Fernandez, Administrator of the Estate of Steven Fernandez and mother of the Decedent Steven Fernandez, is an individual and citizen of the State of New Jersey, having her principal residence at 138 Elder Avenue, Bergenfield, New Jersey 07621. She is a widow and the sole surviving parent of her only child, Steven Fernandez.

4. Plaintiff Danielle Carballeira is an individual and citizen of the State of New York

having her principal residence at 122 Keating Place, Staten Island, New York 10314. She was the girlfriend of Decedent Steven Fernandez.

5. Defendant Milton Frank is an individual and citizen of the State of Louisiana, having his principal residence at 61136 Oak Ridge Drive, Lacombe, Louisiana 70445.

6. Defendant United Services Automobile Association ("USAA"), upon information and belief, is a a national insurance company with principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288, is the liability insurance company of Defendant Milton Frank and in accordance with the provisions of the Louisiana Direct Action Statute, is specifically pleaded and named as a defendant herein and is liable jointly and severally with its insured, Defendant Milton Frank.

7. John Doe 1-10 and ABC Corporation 1-10 are fictitious persons or entities whose true names or identities are unknown to the Plaintiffs at this time named for tolling the applicable Statute of Limitations. John Doe 1-10 and ABC Corporation 1-10 may be the true owner, operator, lessor, lessee, agent, servant, employer or employee, or any other person or entity with an interest in the subject vehicles or having potential liability in the accident in question.

## JURISDICTION AND VENUE

8. Jurisdiction is vested in the United States District Court pursuant to 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000.00) and diversity of citizenship as the parties are citizens of different states.

9. Venue is properly laid in the United States District Court for the District of New Jersey based upon the residency of Administrator Lori Fernandez and Decedent Steven Fernandez in the County of Bergen, State of New Jersey as well as complete diversity of

citizenship as Plaintiff Danielle Carballeira is a resident of the State of New York, Defendant Milton Frank is a resident of the State of Louisiana and Defendant United Services Automobile Association ("USAA") has its principal place of business in the State of Texas.

## FIRST COUNT

10. Plaintiffs repeat and incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

11. On or about September 5, 2016, Decedent Steven Fernandez was the seat-belted operator of a motor vehicle (a 2016 BMW 328i) that was owned by Ean Holdings LLC, and leased through National Car Rental, that was traveling west on I-10 near milepost 263.8 in the Parish of St. Tammany, State of Louisiana.

12. Plaintiff Danielle Carballeira was the seat-belted front seat passenger in the motor vehicle that was being driven by Decedent Steven Fernandez.

13. At the same time, Defendant Milton Frank was the owner and operator of a motor vehicle (a 2007 Chevrolet Tahoe SUV) that was traveling east on I-10 in the center lane near milepost 263.8 in the Parish of St. Tammany, State of Louisiana.

14. At the time and place aforesaid, the Defendant, Milton Frank, was negligent, careless, wilful, wanton and/or reckless in the operation of his motor vehicle in that he failed to keep control of his vehicle; operated his vehicle at an excessive speed based upon the existing conditions of the roadway; failed to make proper observations; failed to stop his vehicle; failed to warn oncoming traffic of his approach; operated his vehicle in violation of motor vehicle laws; disregarded traffic signals and/or signs; failed to yield; failed to use due caution; and/or was inattentive as he lost control of his motor vehicle in the rain, crossed the median on I-10

East and drove into oncoming traffic on I-10 West; which negligence, carelessness, and/or recklessness caused the Defendant's vehicle to strike the front left bumper of Decedent's vehicle head-on at a high rate of speed.

15. As a result of the serious collision, Decedent Steven Fernandez sustained severe and permanent personal injuries, became sick, sore, lame and/or disabled; suffered injuries to his nervous system and suffered mental anguish.

16. As a result of the injuries sustained in the collision, Decedent Steven Fernandez ultimately died, leaving his mother, Plaintiff Lori Fernandez. Plaintiff, Lori Fernandez is the biological mother of Steven Fernandez who was her only child. Steven Fernandez, who was 26 years old at the time of his death, was never married, had no children or siblings. Lori Fernandez was a widow, her husband Glen Fernandez, the father of Steven Fernandez having pre-deceased her, and is the sole surviving parent of Steven Fernandez. She is the Administrator of the Estate of Steven Fernandez and is a proper Plaintiff in this action.

**WHEREFORE**, Plaintiff Lori Fernandez, Administrator of the Estate of Steven Fernandez and mother of Decedent Steven fernandez, demands judgment against Defendants, Milton Frank, United Services Automobile Association, John Doe 1-10 and ABC Corp. 1-10, jointly and severally, for damages, punitive damages, pre-judgment interest, post-judgment interest, plus costs of court and suit.

## SECOND COUNT

17. Plaintiffs repeat and incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

18. As a result of the action set forth above, Decedent Steven Fernandez suffered severe injuries after witnessing an SUV coming in the wrong lane of travel at his vehicle at a high rate of speed and striking his vehicle. Decedent Steven Fernandez ultimately died from the traumatic injuries sustained.

19. Plaintiff, Lori Fernandez is the biological mother of Steven Fernandez who was her only child. Steven Fernandez, who was 26 years old at the time of his death, was never married, had no children or siblings. Lori Fernandez was a widow, her husband Glen Fernandez, the father of Steven Fernandez, having pre-deceased her, and is the sole surviving parent of Steven Fernandez. She is the Administrator of the Estate of Steven Fernandez and is a proper Plaintiff in this action.

20. Plaintiff Lori Fernandez seeks benefits as the beneficiary of the Estate of Steven Fernandez, to which she is entitled had the Decedent survived, pursuant to the Survivor Act of the State of Louisiana, La. Civ. Code art. 2315.2, *et seq.*, and other applicable Louisiana law, common law, or alternatively N.J.S.A. 2A:15-3, *et. seq.*

21. Plaintiff Lori Fernandez also brings this action pursuant the Wrongful Death Act of the State of Louisiana, La. Civ. Code art. 2315.1, *et seq.*, and other applicable Louisiana law, common law, or alternatively N.J.S.A. 2A:31-1, *et. seq.*, individually and as the heir and next of kin of Decedent Steven Fernandez and the Administrator of the Estate of Steven Fernandez.

22. Decedent, Steven Fernandez, who was gainfully Employed as an Account Executive at the time of his death, left surviving his mother, Lori Fernandez, whom he cared for and supported following the death of his father, and who has and will in the future sustain pecuniary damages, loss of support, loss of companionship, loss of guidance and other damages as a result of the death of her only child, Steven Fernandez.

WHEREFORE, the Plaintiff, Lori Fernandez, as Administrator of the Estate of Steven Fernandez and individually, demands judgment against the Defendants, Milton Frank, United Services Automobile Association, John Doe 1-10 and ABC Corp. 1-10, jointly and severally, for damages, pre-judgment interest, post-judgment interest, plus costs of court and suit.

## THIRD COUNT

23. Plaintiffs repeat and incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

24. On or about September 5, 2016, Decedent Steven Fernandez was operating a motor vehicle (a 2016 BMW 328i) that was owned by Ean Holdings LLC, rented through National Rental Car, that was traveling west on I-10 in the left lane near milepost 263.8 in the Parish of St. Tammany, State of Louisiana.

25. Plaintiff Danielle Carballeira was the front seat passenger in the motor vehicle that was being driven by Decedent Steven Fernandez.

26. At the same time, Defendant Milton Frank was the owner and operator of a motor vehicle (a 2007 Chervrolet Tahoe SUV) that was traveling east on I-10 near milepost 263.8 in the Parish of St. Tammany, State of Louisiana.

27. At the time and place aforesaid, the Defendant, Milton Frank, was negligent, careless, wilful, wanton and/or reckless in the operation of his motor vehicle in that he failed to keep control of his vehicle; operated his vehicle at an excessive speed based upon the existing conditions of the roadway; failed to make proper observations; failed to stop his vehicle; failed to warn oncoming traffic of his approach; operated his vehicle in violation of motor vehicle laws; disregarded traffic signals and/or signs; failed to yield; failed to use due caution; and/or

was inattentive as he lost control of his motor vehicle in the rain, crossed the median on I-10 East and drove into oncoming traffic on I-10 West; which negligence, carelessness, and/or recklessness caused the Defendant's vehicle to strike the front left bumper of Decedent's vehicle head-on at a high rate of speed.

28. As a result of the serious collision, Decedent Steven Fernandez sustained severe and permanent personal injuries in the presence of his girlfriend, Danielle Carballeira, and ultimately died.

29. As a result of the serious head-on collision, Plaintiff Danielle Carballeira, was violently thrown within the vehicle, and was caused to suffer severe and permanent injury, including but not limited to severe and permanent orthopedic injuries, has and will continue to expend large sums of money for medical attention and care in the future.

30. As a result of the traumatic injuries sustained in the collision, including but not limited to severe orthopedic injuries, Danielle Carballeira was required to have surgery performed by a specialist from NYU Medical Center at the Jersey City Medical Center in Jersey City, New Jersey, resulting in the installation of permanent hardware and a severe disfiguring scar.

31. As a result of the accident, including but not limited to helplessly witnessing an SUV traveling in her direction at a high rate of speed, observing her boyfriend of several years violently killed by an oncoming SUV traveling at a high rate of speed, Plaintiff Danielle Carballeira suffered severe emotional trauma has and will continue to expend large sums of money for medical attention and care in the future as a result of the emotional distress negligently inflicted by Defendant Milton Frank.

32. As a result of the accident, Plaintiff Danielle Carballeira, also lost significant time from work prior to and following her surgery and rehabilitation from the injuries sustained resulting in lost wages, vacation and sick time.

**WHEREFORE**, Plaintiff Danielle Carballeira, demands judgment against Defendants, Milton Frank, United Services Automobile Association, John Doe 1-10 and ABC Corp. 1-10, jointly and severally, for damages, punitive damages, pre-judgment interest, post-judgment interest, plus costs of court and suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Law Offices of Matthew T. Priore

By: **MATTHEW T. PRIORE, ESQ.**
Attorneys for Plaintiffs Lori Fernandez,
Administrator of the Estate of Steven Fernandez
and Danielle Carballeira

Dated: August 16, 2017